IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JENNIFER B. FRITH,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | )    **CIVIL ACTION NO. 07-0727-CG-B** |
| | ) |
| **BALDWIN COUNTY SHERIFF'S OFFICE,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

This matter is before the court on the Baldwin County Sheriff's Office's (the "defendant" or "Sheriff's Office") motion to dismiss (Doc. 6) and Jennifer B. Frith's ("Frith" or "plaintiff") "Motion to Adjoin Plaintiff." (Doc. 26). For the reasons set forth below, the motion to dismiss is granted and the motion to adjoin plaintiff is moot.

Frith sued the Sheriff's Office for violating her First Amendment right to freedom of speech, her Fourteenth Amendment right to due process, and her right under Title VII of the Civil Rights Act of 1964 to freedom from sexual discrimination in the workplace. (Doc. 1). The Sheriff's Office moved to dismiss the complaint, arguing that it is not a legal entity and, as a consequence, cannot be a party to a lawsuit.

Rule 17 of the Federal Rules of Civil Procedure provides:

**(b)  Capacity to Sue or Be Sued.** Capacity to sue or be sued is determined as follows:

***

    **(3)** for all other parties [other than individuals or corporations], by the law of the state where the court is located, except that:
        **(A)**  a partnership or other unincorporated association with no such capacity under that state's

> law may sue or be sued in its common name to
> enforce a substantive right existing under the
> United States Constitution or laws[.]

FED R. CIV. P. 17.

Applying Rule 17 to this case, in order for the Sheriff's Office to have the capacity to be sued, the law of the State of Alabama must provide that it is a legal entity capable of defending a lawsuit or the Sheriff's Office must be a "partnership or other unincorporated association" being sued in its common name in a suit "to enforce a substantive right" under the Constitution or federal law.

Applying a prior, but substantively equivalent, version of Rule 17, the United States Court of Appeals for the Eleventh Circuit decided that a sheriff's office is not a "partnership or other unincorporated association."

> Th[e] state-law determination of capacity to be sued is subject to the exception "that a partnership or other unincorporated association, which has no such capacity by the law of such state, may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the Constitution or the laws of the United States." Fed.R.Civ.P. 17(b)(1). Nothing in the language of Rule 17(b) or in the early case law that led to the adoption of Rule 17, see United Mine Workers v. Coronado [Coal] Co., 259 U.S. 344, 384, 42 S.Ct. 570, 574, 66 L.Ed. 975 (1921) sic (excepting United Mine Workers' Union from common-law nonsuable capacity of unincorporated associations because of enormous financial power of union and because of Congress' purpose in passing Anti-Trust Law) warrants an extension of Rule 17(b) to government units. Also, nothing in the advisory committee notes to Rule 17 or in the case law interpreting and applying Rule 17 has ever extended this "unincorporated association" exception to government units, subdivisions or agencies. We conclude, therefore, that the Jefferson County Sheriff's Department is not an "unincorporated association" for purposes of Rule 17. Cf. Erie Human Relations Comm. v. Tullio 493 F.2d 371, 376 (3rd Cir. 1974) (Adams, J., concurring) (suggesting that Rule 17(b) applies only to private entities that are well-established representatives of groups of people, such as labor organizations).

Dean v. Barber, 951 F.2d 1210, 1215 n.4 (11th Cir. 1992).[1]  Based on Dean, Frith can only maintain her suit against the Sheriff's Office if Alabama law would allow her to do so.

Applying Rule 17 to Alabama law, the court in Dean affirmed dismissal of the Jefferson County Sheriff's Department based on a Supreme Court of Alabama decision that held "a county sheriff's department lacks the capacity to be sued."  Dean, 951 F.2d at 1215 (citing White v. Birchfield, 582 So. 2d 1085, 1087 (Ala. 1991)).  Although the White case on which Dean relied

---

[1]Although Dean makes it clear that the Sheriff's Office is not an "unincorporated association," the Eleventh Circuit recognizes that the term has not been defined with much precision.

> The district court treated OPEC as an unincorporated association pursuant to Fed.R.Civ.P. 17(b)(1).  Under this Circuit's jurisprudence, an unincorporated association is defined as "a body of persons acting together, without a charter, but upon the methods and forms used by corporations, for the prosecution of some common enterprise."  Penrod Drilling Co. v. Johnson, 414 F.2d 1217, 1222 (5th Cir. 1969) (holding that labor unions, agricultural societies, co-ops, banking associations, charitable associations, news associations, and religious societies may all be considered unincorporated associations).  But see Dean v. Barber, 951 F. 2d 1210, 1215 n.4 (11th Cir. 1992) (holding that a government unit, subdivision or agency may not be considered an unincorporated association).  Cf. Hennessey v. Nat'l Collegiate Athletic Ass'n, 564 F.2d 1136 (5th Cir. 1977) (treating a college athletic association in an antitrust suit as an unincorporated association even where some of its members were state institutions rather than individuals).
>
> In this case, OPEC is an administrative body joined together for the common purpose of acting on behalf of the business and political interests of its members with regard to their petroleum resources.  While its members are sovereign nation states rather than private individuals, OPEC is not a governmental unit or subdivision and is not incorporated under the laws of any one Member State.  Thus, under the facts of this case, we agree that it is amenable to the designation of "unincorporated association."  As the court in Penrod has found, the term unincorporated association is one that is "generic" and of "vague meaning" with few "sharp legal boundaries."  Penrod Drilling Co., 414 F.2d at 1222-23.

Prewitt Enterprises, Inc. v. Organization of Petroleum Exporting Countries, 353 F.3d 916, 922 n.6 (11th Cir. 2003).

3

did not explain how it reached the conclusion that "[t]he Chambers County Sheriff's Department is not a legal entity subject to suit," White, 582 So. 2d at 1087, the Supreme Court of Alabama has relied on White at least twice for the same principle. In King v. Colbert County, 620 So. 2d 623, 626 (Ala. 1993), the court held that "[t]he Colbert County Sheriff's Department is not a legal entity." It based its holding entirely on a citation to White. The Supreme Court of Alabama followed a similar course of action in Ex parte Haralson, 853 So. 2d 928 (Ala. 2003). Basing its decision on White and King, the Haralson court held that "[i]t is clear under Alabama law that the sheriff's department is not a legal entity subject to suit." Haralson, 853 So. 2d at 931. Other than by citation to White and its progeny for the rule that sheriff's offices are not legal entities subject to suit in Alabama, neither party directs the court to any Alabama authority showing what Alabama courts consider when determining whether an entity is a legal entity subject to suit.

The foregoing authority would seem to compel dismissal of the Sheriff's Office, but Frith tries to distinguish it based on a law that was enacted in 2002. This law is unique to the Baldwin County Sheriff's Office so, plaintiff argues, the Sheriff's Office in this case should be treated differently from the rest of the sheriff's offices in Alabama.

As the Supreme Court of Alabama recently summarized, the "Legislature is presumed to be aware of existing law and judicial interpretation when it adopts a statute, and we presume that the legislature does not intend to make any alteration in the law beyond what it explicitly declares." City of Pinson v. Utilities Bd. of City of Oneonta, No. 1060369, 2007 WL 2070349, at *5 (Ala. July 20, 2007) (quotations and citations omitted). The statute that Frith cites is a product of Al. Legis 2002-463. Section 19 of the bill provides that "[t]his act shall become

effective upon the passage of a constitutional amendment authorizing the creation of the Office of Sheriff of Baldwin County Personnel Board." Al. Legis 2-002-463, § 19. The amendment to Alabama's constitution was passed and the act was codified at Ala. Code § 45-2-234 et seq.[2] Title 45 of the Alabama Code is entitled "Local Laws." Title 45 is divided into chapters, each of which contains local laws for an individual county, or for the municipalities within that county. The local laws for Baldwin County are contained in Chapter 2. Chapter 2 is divided into articles. Article 23, which is entitled "Sheriff," has several parts, including "Part 5 Personnel," which itself contains a subpart entitled "Sheriff's Personnel Merit System." Frith relies on the Sheriff's Personnel Merit System subpart ("Merit System subpart") to support her argument.

The Merit System subpart sets forth "rules and regulations governing dismissals, suspensions, layoffs, and terminations adopted by the appointing authority and administered by the board." § 45-2-234.03. The "appointing authority" is defined as "The Sheriff of Baldwin County" and the "board" is defined as "The Sheriff's Office Personnel Appeals Board established by this subpart." § 45-2-234.01. The rules also create a process for certain employees "to appeal any disciplinary action taken against" them. § 45-2-234.09(a). The process is entirely internal and culminates in a hearing before the "board," at which "the sheriff's office [is] authorized to employ legal counsel to represent the interest of the sheriff's office[.]" § 45-2-234.09(c). After the hearing before the "board," the "board" is required to make a

---

[2]Amendment 717 to Alabama's Constitution says:

No later than the first day of the sixth month after ratification of this amendment, employees of the Office of the Sheriff of Baldwin County, except for the chief deputy, chief corrections officer, chief civil deputy, financial officer, and personnel officer, shall be under the authority of the Baldwin County Sheriff's Personnel Board. The provisions of this amendment shall not affect the liability of the employees of the Office of the Sheriff of Baldwin County.

recommendation to the sheriff, who in turn "shall act upon the recommendation with 10 working days." Id.

The Merit System subpart does not mention or provide for civil lawsuits of any kind. It also does not mention, or expressly supercede, the rule articulated in White. If it did, the Baldwin County Sheriff's Office's status as a legal entity subject to suit would potentially be unique among sheriff's departments in Alabama because the Merit System subpart does not apply to any other Alabama sheriff's offices. § 45-2-234.

It is true that the statute refers to the "office of sheriff" several times,[3] but the facts that the Merit System subpart uses the term "sheriff's office," that it saddles the office of the sheriff with certain responsibilities, and that it allows the sheriff's office to represent itself at an administrative hearing do not show a legislative intent to expose the Baldwin County Sheriff's Office - and apparently no other Alabama sheriff's office - to a new burden of defending lawsuits brought against it. If the legislature wanted to do so, it could have plainly said so. E.g. City of Pinson, 2007 WL 2070349 at *5 ("Had the legislature intended to abrogate [the rule set forth in a Supreme Court of Alabama decision], it could have plainly stated" as much.).

It is not uncommon to refer to the group of people working for the sheriff, or the building

---

[3]See § 45-2-234.02 (providing that the subpart applies to certain "employees employed by the office of Sheriff of Baldwin County"); § 45-2-234.04 ("employees of the office of Sheriff of Baldwin County" will receive certain insurance from the Baldwin County Commission; that "[t]he office of sheriff shall administer all matters regarding personnel overtime, longevity, subsistence, salaries, retirement, Social Security, workers' compensation, and retirement cost-of-living for employees of the sheriff's office;" and that financial accounting "shall be from an account of the office of sheriff"); § 45-2-234.06 (establishing a "Sheriff's Office Personnel Appeals Board"); § 45-2-234.08(c) ("office of sheriff" pays the members of the Sheriff's Office Personnel Appeals Board); § 45-2-234.09(b) (discussing costs of subpoenas "issued at the request of the sheriff's office"); § 45-2-234.12 ("The office of sheriff shall insure the generation of new and continued required files and records of all employees transferred pursuant to this subpart and on all new employees of the office of sheriff.").

at which those people are headquartered, as the "sheriff's office." The statute recognizes that there is such a group of people in Baldwin County and sets forth certain personnel procedures for it to follow. Using the name "sheriff's office" to refer to that group of people and establishing certain internal procedures for the group is not enough for the court to ignore the clear Alabama precedent specifically holding that sheriff's offices are not legal entities subject to suit. Even the opinions that specifically decline to find that sheriff's offices are legal entities subject to suit use a name to refer to the group of people working for the sheriff - they use the term "sheriff's department." See White, 582 So. 2d at 1087 (lawsuits "may not be maintained against the Chambers County Sheriff's Department"); King, 620 So. 2d at 626 ("The Colbert County Sheriff's Department is not a legal entity."); Haralson, 853 So. 2d at 931 ("[T]he sheriff's department is not a legal entity subject to suit."); Dean, 951 F.2d at 1214-1215 ("Sheriff's departments and police departments are not usually considered legal entities subject to suit . . . . Under Alabama law, a county sheriff's department lacks the capacity to be sued.").

In a supplemental response, Frith also argues that the facts that the Sheriff's Office has its own Federal Tax ID Number, issues its own paychecks (which she says is unique to this particular Sheriff's Office), and that it participates in a self-insurance fund show that the Sheriff's Office should be a legal entity subject to suit under Alabama law. Frith does not explain what bearing these facts have on the Alabama law that sheriff's departments lack the capacity to be sued for purposes of FED. R. CIV. P. 17.

As such, the motion to dismiss is **GRANTED** because the Baldwin County Sheriff's Office lacks the capacity to be sued pursuant to Rule 17 of the Federal Rules of Civil Procedure and Alabama law.

In general, "a party must be given at least one opportunity to amend before the district court dismisses the complaint[,]" Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005), but the court need not grant Frith leave to amend her complaint sua sponte.  See Wagner v. Daewoo Heavy Industries America Corp., 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend [her] complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court.").  Although Frith, who is represented by counsel, did argue that the sheriff should be held responsible for the actions that gave rise to this lawsuit (Doc. 10, pp. 3-4), she did not seek leave to amend her complaint in the briefing on the motion to dismiss.  Also, there is no motion for leave to file an amended complaint pending before the court.  Frith filed a motion for leave to file a first amended complaint, which the defendant opposed, but she later withdrew the motion.  (Docs. 17, 18, 19, 23).

As such, the motion to dismiss is **GRANTED**, without prejudice.  Plaintiff also filed a "motion to adjoin plaintiff" on June 3, 2008.  (Doc. 26).  That motion is **MOOT**.

**DONE** and **ORDERED** this 16th day of June, 2008.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE