IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JENNIFER B. FRITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 07-0727-CG-B |
| | ) | |
| BALDWIN COUNTY COMMISSION and | ) | |
| SHERIFF HUEY MACK, JR., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter comes before the court on plaintiff's "Statement of Appeal of Magistrate Judge's Order" and the defendants' response.  (Docs. 72 and 74).

Plaintiff challenges the magistrate judge's order which denied plaintiff's motion to compel.  (Doc. 69).  The motion to compel explained that the plaintiff served the defendants with discovery requests on September 18, 2008, that the defendants failed to respond to the discovery requests by October 18, 2008, and that the defense wrote plaintiff on October 21, 2008, to tell her that the defendants were not going to respond to the discovery requests on the grounds that the requests were untimely.  (Doc. 50).  Plaintiff argued that the defendants should have to respond to the discovery requests because they failed to raise their timeliness objection in a timely fashion.  (Doc. 50).

The defendants' response to the motion to compel pointed to various problems with the discovery requests but focused on the argument that the court's scheduling order called for the completion of discovery on or before October 17, 2008.  (Doc. 51).  As the scheduling order explains, "'completed' means that all interrogatories, requests for admissions, and requests for production have been filed and responded to[.]"  (Doc. 37, pp. 1-2).  Because the discovery

responses the plaintiff sought to compel would not be due until after October 17, 2008, the

defendants argued that the discovery requests were untimely, precluding any obligation of the

defendants to respond.  (Doc. 51, p. 2).  The defendants also pointed out that the motion to

compel, which was filed on October 22, 2008, was itself untimely because the scheduling order

provided that motions to compel were due on or before October 17, 2008.  (Doc. 51, p. 3; Doc.

37, pp. 1-2).  The plaintiff filed a reply.  (Doc. 52).

Magistrate Judge Bivins denied the motion to compel.  (Doc. 69).  She focused on the

untimeliness of the discovery requests themselves.

Rule 72(a) of the Federal Rules of Civil Procedure provides that this court should

"modify or set aside any part of the [order on a nondispositive matter] that is clearly erroneous or

is contrary to law."  FED. R. CIV. P. 72(a).  As another judge in this judicial district recently

explained:

> The "clearly erroneous or contrary to law" standard of review is "extremely
> deferential."  Relief is appropriate under the "clearly erroneous" prong of the test
> only if the district court "finds that the Magistrate Judge abused his discretion or,
> if after viewing the record as a whole, the Court is left with a definite and firm
> conviction that a mistake has been made."  With respect to the "contrary to law"
> variant of the test, "[a]n order is contrary to law when it fails to apply or
> misapplies relevant statutes, case law or rules of procedure."

Pigott v. Sanibel Development, LLC, Civil Action No. 07-0083-WS-C, 2008 WL 2937804, at *5

(S.D. Ala. July 23, 2008) (alteration in original, citations omitted).

Nothing in the objection to the magistrate judge's order shows that Magistrate Judge

Bivins made a mistake or misapplied the relevant law.  The plaintiff concedes that the discovery

responses would have been due after the disco very deadline had passed.  (Doc. 72, p. 1).  She

makes no convincing argument that the magistrate judge misapplied the relevant law.  As such,

the objection is **DENIED**.

The defendants seek their reasonable expenses incurred in opposing the motion pursuant to Rule 37(a)(5)(B) of the Federal Rules of Civil Procedure.  (Doc. 74, pp. 8-9).   **This request is referred to the Magistrate Judge to determine whether the award is due, and if so, the amount.**

**DONE** and **ORDERED** this 17th day of February, 2009.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE